IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 07-0349-WS** |
| | ) | |
| **ARACELY LOPEZ,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

This matter comes before the Court on defendant Aracely Lopez's Motion to Dismiss Indictment (doc. 37).[1] The Motion has been briefed and is ripe for disposition.

On October 25, 2007, defendant Aracely Lopez and two co-defendants (Ramon Garza, Jr. and Elda Lopez) were indicted in this District Court. The two-count Indictment (doc. 1) charged them with conspiring to possess with intent to distribute approximately 315 kilograms of cocaine, in violation of 21 U.S.C. § 846, as well as a forfeiture count. A Superseding Indictment (doc. 10) filed on April 25, 2008 expanded on its predecessor by adding a fourth defendant (Belinda Lopez), as well as 22 brand-new counts. The relevant newly added counts concerning defendant Aracely Lopez include a count of money-laundering conspiracy in violation of 18 U.S.C. § 1956(h), and 18 counts of specific, substantive money laundering violations allegedly performed by Aracely Lopez on particular occasions between October 6, 2003 (at the earliest) and December 18, 2006 (at the latest). The conspiracies identified in both the § 846 conspiracy count (Count One) and the § 1956(h) conspiracy count (Count Two) are temporally framed in the Superseding Indictment as having been carried out "[f]rom in or about January of 2001, to and

---

[1] The first sentence of the Motion states that both Aracely Lopez and co-defendant Elda Lopez are moving for dismissal; however, these two defendants are represented by different counsel, and the Motion is signed only by Aracely Lopez's counsel, with no indication that Elda Lopez or her attorney intended to join in the Motion. In its Response (doc. 45), the Government points out this fact and states its position that the Motion is pending only as to Aracely Lopez. In the absence of any showing by Elda Lopez that she is joining in the Motion, the Court agrees that the Motion is exclusively brought by Aracely Lopez, and the Motion will be considered only as to that defendant. That said, even if the Motion were deemed as having been brought by Elda Lopez as well as Aracely Lopez, the reasoning and result would be unchanged.

continuing through on or about December 31, 2006."

Aracely Lopez has now moved to dismiss the Superseding Indictment for the stated reason that "the crimes enumerated in said indictment are outside of the five year time limitations set by statute."  (Doc. 37, at 1.)  Movant further asserts that "although the indictment alleges that the defendants engaged in illegal conduct until December 31, 2006, the overt acts, assuming *arguendo* that they did indeed transpire, occurred in 2001."  (*Id.*)

Movant is correct that all of the charges against her are subject to the five-year limitations period prescribed by 18 U.S.C. § 3282, which provides that, in general, a defendant cannot be prosecuted for non-capital offenses "unless the indictment is found or the information is instituted within five years next after such offense shall have been committed."  18 U.S.C. § 3282(a); *see also United States v. Harriston*, 329 F.3d 779, 783 (11th Cir. 2003) (limitations period for drug conspiracy charge is five years); *United States v. LaSpina*, 299 F.3d 165, 173 (2d Cir. 2002) ("The statute of limitations for actions brought under § 1956(h) is five years.").  The earliest substantive count with which Aracely Lopez is charged relates to an alleged offense committed on or about October 6, 2003; therefore, it is clear that all 18 substantive counts of money laundering against her are timely for limitations purposes.  The only remaining question is whether the two conspiracy counts are timely.

The law of this Circuit is well settled that both money-laundering conspiracies under 18 U.S.C. § 1956(h) and controlled substance conspiracies under 21 U.S.C. § 846 are non-overt act conspiracies, as a matter of law.  *See United States v. Hall*, 349 F.3d 1320, 1329 (11th Cir. 2003) ("Given the absence of any language in § 1956(h) requiring proof of an overt act, we find that an overt act is not an essential element for conviction of conspiracy to commit money laundering."); *Harriston*, 329 F.3d at 783 ("The government is not required to prove an overt act for ... a drug conspiracy under 21 U.S.C. § 846 ....").  Because overt acts are not essential elements of either the § 1956(h) conspiracy or the § 846 conspiracy with which Aracely Lopez has been charged, her suggestion that any overt acts occurred in 2001, outside the five-year limitations period, lacks any significance for purposes of assessing whether those charges are time-barred.  Rather, for these counts, "[t]he government satisfies the requirements of the statute of limitations for a non-overt act conspiracy if it alleges and proves **that the conspiracy continued into the limitations period**."  *Harriston*, 329 F.3d at 783 (emphasis added); *see also United States v.*

*Arnold*, 117 F.3d 1308, 1313 (11th Cir. 1997) (same).  Of course, "[a] conspiracy is deemed to have continued as long as the purposes of the conspiracy have neither been abandoned nor accomplished and the defendant has not made an affirmative showing that the conspiracy has terminated."  *Harriston*, 329 F.3d at 783; *see also Arnold*, 117 F.3d at 1313 (similar).

The Superseding Indictment unequivocally alleges that both the § 846 conspiracy and the § 1956(h) conspiracy continued until the end of 2006, well within the five-year limitations window.  Moreover, the Government asserts that it expects the evidence at trial to establish, *inter alia*, that the cocaine conspiracy, and Aracely Lopez's direct, ongoing involvement in same, continued well past October 2002 (which is five years before the Indictment was handed down); and that Aracely Lopez's substantive acts in furtherance of the money laundering conspiracy (as charged in counts three through twenty-two of the Superseding Indictment) continued into 2006.  These facts, if supported by evidence at trial, would establish that the conspiracies for which Aracely Lopez is being prosecuted continued well into the five-year limitations period, such that both the Indictment and Superseding Indictment against her are not time-barred.

In light of the foregoing, the Court concludes that charges leveled against Aracely Lopez in the Indictment and Superseding Indictment are not time-barred, inasmuch as both conspiracy counts involve non-overt act conspiracies alleged to have continued through December 2006, and the substantive money-laundering counts against her involve criminal acts alleged to have occurred between October 2003 and December 2006.  For these reasons, the Motion to Dismiss Indictment (doc. 37) is **denied**.

DONE and ORDERED this 25th day of July, 2008.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE